# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

LAMONT SMITH,                     )
                    Petitioner,   )
v.                                )   Case No. CIV-05-349-L
                                  )
RON WARD, DIRECTOR,               )
                    Respondent.  )

## **REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1]. Respondent has filed a response to the petition [Doc. #9], and Petitioner has filed a reply [Doc. #13]. Therefore, the matter is at issue. For the reasons set forth below, it is recommended that the Petition be denied.

**I.    Background**

Petitioner is an inmate in the custody of the Oklahoma Department of Corrections (ODOC) and currently is incarcerated at Lawton Correctional Facility. During the time period pertinent to the claims alleged in this habeas action, however, Petitioner was incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma. Petitioner challenges the result of a prison disciplinary rehearing held on October 14, 2004.[1] Petitioner was found guilty of Battery, Offense Code 04-4.[2] *See* Response, Exhibit 2 at 19, Disciplinary Hearing

---

[1] A prior hearing was conducted on August 5, 2004. A rehearing was ordered on the ground that a confidential statement and statement of reliability used to support the conviction were not attached to the misconduct paperwork. *See* Petition, Exhibit G, Offender Misconduct Appeal Form, Due Process Review.

[2] The ODOC defines various offenses in a document entitled "Acts Constituting Rule Violation." Battery offenses may be committed in a number of ways and are identified by separate
(continued...)

Actions. The incident giving rise to this conviction occurred on July 20, 2004. Allegedly Petitioner and another inmate, Ronrico Johnson, hit inmate Paul Rich with blunt instruments. The incident left inmate Rich severely injured and required his hospitalization.

As a result of his conviction, Petitioner was assigned to disciplinary segregation for a period of 30 days, lost 365 earned credits and was reassigned to classification level 1 for 90 days. *See id*. Petitioner's conviction was affirmed by the facility head. *See id*., Exhibit 3 at 7, Offender Misconduct Appeal Form, Due Process Review. Petitioner appealed his conviction to the Director's Designee, Debbie Morton, and she denied the appeal, concurring with the decision of the facility head. *See id*., Exhibit 3 at 9, Response from Director or Designee.

## II.     Petitioner's Claims for Habeas Relief

Petitioner challenges his disciplinary conviction alleging it was obtained in violation of the Due Process Clause of the United States Constitution. First, he challenges the conviction on the ground that it is not supported by some evidence. He claims that the written statement of the findings of fact supporting the conviction is based solely upon confidential statements and that the reliability of these confidential statements was not independently assessed. He also claims the hearing officer disregarded Petitioner's witness statement which Petitioner alleges is exculpatory in nature.

---

[2](...continued)
offense codes. The conduct proscribed by Offense Code 04-4 is defined as "Participating in an activity that directly results in the intentional injury of another person(s)." It is a Class X offense. *See* OP-060125, Attachment A, at www.doc.state.ok.us.

Second, Petitioner challenges the conviction on the ground that he was not provided sufficient notice. He contends he did not receive proper advance notice of the date of his disciplinary rehearing. He further contends he was not notified that two confidential statements were taken and that he proceeded under the misunderstanding that only one confidential statement supported the offense charge and resulting disciplinary conviction.[3]

## III.   Analysis

To be entitled to the protections of the Due Process Clause in a prison disciplinary proceeding, a prisoner must show that the resulting disciplinary action implicates a state-created liberty interest. The Oklahoma courts have determined that Oklahoma state law creates a liberty interest in earned good time credits. *See* Okla. Stat. tit. 57, § 138(A); *see also Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("The State has created a liberty interest in earned credits[.]"). Therefore, Oklahoma prisoners are generally entitled to minimum due process protection before their earned credits are revoked. *Mitchell v.*

---

[3]In his Reply, Petitioner attempts to challenge his disciplinary conviction on an additional ground not raised in the Petition. He claims that the confidential statement supports a conviction for Offense Code 04-3 -- Battery of Another Person -- which is a Class A offense and carries lesser punishment. Petitioner relies solely upon an Incident/Staff Report submitted with Respondent's response. *See* Response, Exhibit 2 at 8. The Report contains the following statement: "I/M received a misconduct for 04-3 Class A." *Id*. However, all other disciplinary paperwork clearly identifies the misconduct Offense Code as 04-4 -- "Participating in an activity that directly results in the intentional injury of another person(s)." This offense, as previously noted, is a Class X offense with greater punishment. The facts cited in support of the conviction are consistent with Offense Code 04-4. Petitioner's reliance on a single staff report that incorrectly designates the Offense Code as a basis for a due process violation, therefore, is without merit.

Also in his Reply, Petitioner requests an evidentiary hearing for fact-finding purposes. The administrative record of the disciplinary proceedings, however, demonstrates that some evidence supports the disciplinary conviction and that Petitioner was provided the notice required to comport with due process. Petitioner, therefore, is not entitled to an evidentiary hearing.

*Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996). In this case, Petitioner's disciplinary conviction resulted in a loss of 365 earned credits. Therefore, Petitioner was entitled to due process in his prison disciplinary hearing.

Nevertheless, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Superintendent, Massachusetts Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. *Id.*

### A.   <u>Some Evidence Supports the Conviction</u>

The Disciplinary Hearing Actions report recites the following evidence relied upon in support of the finding of guilt:

> Two confidential witness statements do show the sequence of events and support the misconduct. Reliability statements do support the confidential witnesses. One confidential witness statement does identify inmate Smith as participating by hitting inmate Rich with a blunt object and also shows that inmate Johnson made the first blow with a blunt object.

*See* Response, Exhibit 2 at 19.

Where a disciplinary conviction is based upon the statement of a confidential informant, due process requires that some evidence demonstrate the reliability of the informant's statement. *Taylor v. Wallace*, 931 F.2d 698, 702 (10th Cir. 1991) (judicial review of the disciplinary authority's determination of reliability is deferential and need only be established by some evidence). Absent a reliability determination, no weight may be given to that evidence. *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (statements of confidential informant used to convict prisoner of disciplinary offense should never have been given any weight as prison officials failed to make any determination that the informant was reliable).

Acceptable techniques for establishing reliability of the informant's information include: (1) the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the disciplinary committee; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of their past record of reliability; or (4) *in camera* review of material documenting the investigator's assessment of the credibility of the informant. As the Tenth Circuit has emphasized, "[t]he touchstone is reliability." *Taylor*, 931 F.2d at 702. Therefore, "[a]ny reasonable basis for establishing the credibility of the informant's information . . . is acceptable." *Id.*

The Court ordered Respondent to submit, for *in camera* review, the confidential statements and reliability statements relied upon by the disciplinary hearing officer. *See*

Order Directing Respondent to Supplement the Record for *In Camera* Review of Disciplinary Conviction Evidence [Doc. #14]. Respondent has complied with the Court's Order. *See* Respondent's Supplement to the Record Under Seal [Doc. ##15-16].

The materials submitted for *in camera* review demonstrate that the witness statements contain consistent accounts of the incident and corroborate the sequence of events. *Compare Jones v. Cowley*, Nos. 91-6271, 91-6283, 1991 WL 252667 at * (10th Cir. Nov. 26, 1991) (unpublished op.)[4] (court's review of investigative report submitted by prison officials which contained consistent accounts of disciplinary incident and corroborating reports indicated sufficient evidence was presented to the disciplinary officer to satisfy due process). In addition, the statements of reliability submitted for *in camera* review demonstrate that they are supported by some evidence, primarily, the good conduct record of the witnesses interviewed and their reliability in the past. The confidential information, therefore, was properly considered by the disciplinary hearing officer. In addition, the disciplinary hearing officer's findings reflect that he made an independent assessment of the reliability of the confidential information, finding the witness statements "show the sequence of events and support misconduct." For these reasons, the confidential information was properly considered by the disciplinary hearing officer and this confidential information constitutes some evidence to support the disciplinary conviction.

---

[4]Unpublished opinions referenced in this Report are cited for their persuasive value in accordance with 10th Cir. R. 36.3(B).

Petitioner next claims that the disciplinary hearing officer disregarded the "exclupatory" witness statement submitted by him. The statement to which Plaintiff refers is that of inmate Paul Rich, the victim of the offense. Inmate Rich states:

> On the above [d]ate: 7-20-04, I inmate Paul Rich - 108828 and Inmate Smith 237092 was walking around the yard after having words with one another as we was walking making peace with one another down B-1 run, someone come up behind me and hit me as I was walk with Inmate Smith 237092.

*See* Response, Exhibit 2 at 5, Witness Discretionary Action Record. The record demonstrates that the evidence was provided by Petitioner to the investigator. *See* Response, Exhibit 2 at 2, Investigator's Report. The record further shows that Petitioner was allowed to submit the written witness statement at the rehearing. *See* Response, Exhibit 3 at 7, Offender Misconduct Appeal Form Due Process Review. *See also id*, Exhibit 2 at 13, Record of Delivery of Copies of Evidence to Inmate. "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." *Mitchell v. Maynard*, *supra,* 80 F.3d at 1445. The fact the hearing officer did not give reasons for rejecting Petitioner's witness statement does not give rise to constitutional error. *Compare King v. Fields*, No. 97-6327, 1998 WL 243798 at * 2 (10th Cir. May 14, 1998) (unpublished op.) (rejecting "plaintiff's contention that the statement of reasons [for the disciplinary action] was inadequate because it failed to explain why the factfinder found the correctional officer more credible than plaintiff" and finding no due process concerns implicated).

Petitioner was given the opportunity to present witnesses and documentary evidence, and therefore, was afforded due process.

### B.     The Notice Petitioner Received Comports with Due Process

Petitioner claims that he was not given advance notice that there were two confidential witness statements, as reflected in the disciplinary hearing officer's finding. The record demonstrates that prior to the initial hearing Petitioner was advised that confidential information was being used as part of the investigation. *See* Response, Exhibit 2 at 1, 2. More importantly, in the context of the due process review following the first hearing, Petitioner was advised that on rehearing "the confidential statement and statement of reliability" would be attached to the "misconduct paperwork." *See* Response, Exhibit 3 at 3. Therefore, Petitioner clearly had notice that confidential information was being used in the course of the disciplinary proceedings. The fact that the record does not reflect the existence of more than one confidential statement does not rise to the level of a due process violation. The factfinder's statement that the finding of guilt was made in reliance on confidential information is sufficient "[g]iven the explicit description of the conduct set out in the offense report and the obvious institutional concerns implicated . . . ." *Taylor*, 931 F.3d at 698.

Petitioner's final claim is that he was not provided sufficient notice in advance of the rehearing. The record demonstrates this claim is also without merit. Petitioner was notified on September 20, 2004, of a rehearing scheduled for October 1, 2004. He waived his right to 24 hours preparation time, as reflected on the rehearing notice. *See* Response, Exhibit 2

at 18. That the rehearing did not occur until October 14, 2004, does not constitute a violation of Petitioner's due process rights.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by September __12th__, 2005. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral [Doc. #4] by the District Judge in this matter.

ENTERED this __23rd__ day of August, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE